## UNITED STATES v. RAVITZ.
### Civ. A. No. 11530.

United States District Court
E. D. Pennsylvania.
Nov. 20, 1950.

Albert C. Osofsky, Litigation Officer, Office of Housing Expediter, Philadelphia, Pa., for plaintiff.

Morris Chernock, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This is an action by the United States of America against Rebecca Ravitz to restrain her from directly or indirectly violating the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, §§ 1881–1902, and Regulations issued thereunder. Rebecca Ravitz is the owner of a housing accommodation at 650 N. Union Street, Philadelphia, Pennsylvania. On July 24, 1942 she leased the above mentioned premises, a three story house, to James Glenn, under a written lease, one of the provisions of which contained a prohibition against subletting. On or about September 22, 1950, Rebecca Ravitz entered a confession of judgment against the tenant James Glenn for violation of the provision against subletting. This judgment was entered in the Court of Common Pleas #1 of Philadelphia County, as of September Term 1950, No. 435. Rebecca Ravitz then caused a writ of Habere Facias to be issued out of that court to the Sheriff of Philadelphia County to evict the tenant. To prevent the execution of that writ, this action was instituted in the name of the United States by the Area Rent Director of the Office of the Housing Expediter. A temporary restraining order issued out of this court on the 31st day of October, 1950, restraining any further proceedings in the above action. A hearing was ordered on November 9, 1950, the record of which, by stipulation, was to be considered as the record on final hearing. At the hearing, the temporary restraining order was continued pending final disposition of the entire matter. In the meantime, on November 2, 1950, the defendant moved the court to dissolve the temporary restraining order. The matter is now before the Court for final decision.

Stated simply, the problem in this case is whether the tenant violated a substantial provision of the lease. If he did, then under the Regulations promulgated pursuant to the Housing and Rent Act, the lessor was not required to secure permission of the Area Rent Director in order to evict the tenant. The only requirement then would be a notice to the tenant and to the Area Rent Director of intention to evict. The lessor did give such notices and argues that she did all that was necessary to be done. The Area Rent Director, on the other hand, contends that under the facts of this case there was not a violation of a substantial provision of the lease and, therefore, the case does not fall within one of the enumerated exceptions to the requirement of obtaining permission of the Area Rent Director and the obtaining of a certificate of eviction.

Briefly, the facts from which the difference of opinion arises are these. On July 24, 1942 the defendant rented to James Glenn the three story house at 650 N. Union Street under a written lease for a monthly rental of $35.00. About two months thereafter the tenant was advised by the Office of the Housing Expediter that the maximum legal rent for the premises was $25.00

a month. Thereafter, tenant paid a monthly rent at the maximum legal rate. About November of 1942, the tenant sublet two rooms on the third floor at a weekly rent of $3.00 each. The tenant testified that this subletting was done not only with the acquiescence of the lessor but was, in fact, done at her suggestion. The tenant registered the rooms with the Area Rent Director and made structural changes, at least to the extent of running gas and water lines to the third floor and installing a sink to make the third floor a self-contained housing unit. There is in the record a letter from the lessor to the Office of Price Administration, dated November 16, 1943, indicating that the lessor was aware of the subtenancy. This is mentioned to bear out the testimony of the tenant Glenn that the lessor was aware of the fact of subletting. This condition existed for seven years with apparently no objection by the lessor until notice given by letter by her attorney on August 9, 1950, to the tenant Glenn to cease violation of the provision of the lease against subletting. The attorney sent a copy of that letter to the Office of the Housing Expediter. Thereafter, on August 28, 1950, another letter was sent to James Glenn and a copy to the Office of the Housing Expediter advising that since the tenant was persisting in a violation of the lease that he would be required to surrender possession. On September 1, 1950 the Office of the Housing Expediter sent to the lessor a rejection of eviction notice for the reason that she had failed to establish grounds under the Rent Regulations for evicting the tenant because she had knowledge of the subletting since at least November 1943. Thereafter, the action above referred to was instituted in the Court of Common Pleas #1 of Philadelphia County.

 To say that a provision in a lease against subletting is not a substantial provision of the lease would do violence to the accepted principles of Landlord and Tenant law. I would not and could not say that such a provision is not substantial. However, a lease may be modified by parol, or a substantial provision of a lease may be waived by a landlord by his conduct, or a landlord may by his conduct be estopped to enforce a particular provision of a lease. See generally 32 Am.Jur., Sections 156, 881–885. In this case, there is a course of conduct on the part of the lessor for a period upward of seven years in which either by her acquiescence, or, as the tenant testified, at her suggestion, the tenant was induced to change his position to his detriment. The registration of the property provided that the owner was to do all interior and exterior repairs and all painting and decorating. According to the testimony of James Glenn, which was undenied, in the dealings with the lessor's representative, her son, the suggestion was made to the tenant to sublet rooms on the third floor, he, Glenn, to make the repairs and changes himself. Pursuant to these arrangements, Glenn, with the knowledge and at the suggestion of the lessor's representative, installed a sink on the third floor and did the other work before mentioned with regard to utilities as well as general maintenance and repairs. It must be remembered that the lessor's son, her representative in the dealings with Glenn, was present at the hearing, heard Mr. Glenn testify, and did not avail himself of the opportunity to contravene any of Glenn's testimony. I, therefore, accept Glenn's testimony as truth. On that basis I find the tenant has changed his position to his detriment relying on the conduct of and the agreement he had with the lessor's representative. The defendant is therefore estopped to assert that provision of the lease as a ground for recovering possession of the property without observing the procedure set forth in Section 825.6 of the Rent Regulations. Since she is estopped to enforce the provision of the lease prohibiting subletting, she is not within one of the enumerated exceptions of Section 825.6 and her action, therefore, in instituting eviction proceedings in the Court of Common Pleas of Philadelphia County was in violation of Section 206(a) of the Housing and Rent Act of 1947, as amended, and Regulations issued thereunder.

 The record indicates that no application for an increase in rent has been made by the defendant since August 31,

1942. I am not here concerned with the apparent inequity of a situation where a tenant registers part of a leased property at a higher rent than is allowed by the Housing Expediter for the entire property. Any request for relief in that regard must be addressed to the Area Rent Director of the Office of the Housing Expediter.

For the reasons mentioned above, the relief prayed for in the complaint of the United States of America will be granted and an Order entered issuing the appropriate injunction and dismissing defendant's motion to dissolve.